

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**January 12, 2016 09:44**

By: SUBODH CHANDRA 0069233

Confirmation Nbr. 639910

LUCILLE DUMAS

vs.

MADELINE CHAPPELL, ET AL.

CV 16 857117

**Judge:**

PETER J. CORRIGAN

Pages Filed: 13

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 001

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| LUCILLE DUMAS<br>15634 Kipling Avenue, Apt. 2<br>Cleveland, Ohio 44110<br><br>      Plaintiff,<br>vs.<br><br>MADELINE CHAPPELL<br>In both her official and personal capacities<br>26241 Lakeshore Boulevard #1953<br>Euclid, Ohio 44132<br><br>      and<br><br>CUYAHOGA COUNTY<br>1215 West 3rd Street<br>Cleveland, Ohio 44113<br><br>      Defendants. | Case No. _____<br><br>Judge _____ |

**COMPLAINT WITH JURY DEMAND**

## I.
### NATURE OF THE ACTION

1. This is a civil-rights action brought under 42 U.S.C. §§ 1983 and 1985(3). It also asserts state-law causes of action. Plaintiff Lucille Dumas alleges that Cuyahoga County Corrections Officer Madeline Chappell violated the Fourth and Fourteenth Amendments of the United States Constitution by using excessive force against her without just cause and causing her physical and emotional injuries and distress.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 002

2. While Defendant Chappell was acting in the scope of her employment with the Cuyahoga County Sheriff's Department and under color of state law, she unlawfully attacked Ms. Dumas, who was being booked on January 14, 2015 at the Euclid City Jail. This unreasonable seizure directly and proximately caused Ms. Dumas's injuries. The Cuyahoga County Prosecutor's Office indicted Ms. Chappell on charges of kidnapping (R.C. 2905.10(A)(3)), tampering with records (R.C. 2913.42(A)(1) and 2921.12(A)(1)), assault (R.C. 2903.13(A), and unlawful restraint (2905.03(A)). Chappell pled guilty to the assault charge on December 9, 2015, and as part of her plea agreement, she resigned her employment as a corrections officer and agreed that she would not seek further employment in law enforcement.

3. Cuyahoga County, through its Sheriff's Department, knew that Defendant Chappell was unfit for duty as a corrections officer and was negligent and reckless in supervising, disciplining, staffing, and retaining Chappell as an employee. This negligence and recklessness was a direct and proximate cause of Dumas's injuries.

## II.
## PARTIES

4. Plaintiff Lucille Dumas resides in Cleveland, Ohio.

5. Defendant Madeline Chappell was a Corrections Officer Corporal for the Cuyahoga County Sheriff's Department. At all times relevant to this Complaint's allegations, she was acting in her capacity as a Corrections Officer employed by the Cuyahoga County Sheriff's Department and was acting under color of state law.

6. Defendant Cuyahoga County is responsible for Chappell's actions as alleged in this Complaint, and is responsible for the negligent and reckless supervision, discipline, staffing, and retention of Ms. Chappell as a Corrections Officer.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 003

## III.
## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants under R.C. 2305.01 and venue is proper in this Court under Civ. R. 3(B)(3) because the events giving rise to Plaintiffs' claims took place in Cuyahoga County, Ohio.

## IV.
## FACTUAL BACKGROUND

### A. Chappell's attack on Dumas

8. On or about January 14, 2015, Lucille Dumas was arrested in connection with a traffic stop and brought to the Cuyahoga County Jail Annex of the Euclid City Jail for booking. Then-Corporal Chappell was on duty at the booking desk at the time.

9. According to a written report by Detective Phil Robinson of the Cuyahoga County Sheriff's Department, who reviewed jail surveillance video and interviewed several eyewitnesses, Chappell's attack on Dumas occurred as follows:

10. During the booking process, Chappell and Dumas became engaged in a "verbal exchange" that "began to get animated." Chappell then "ran around the desk and punched Inmate Dumas in her face with her right hand ... ." According to County Corrections Officer Macarthur Williams, an eyewitness to the incident, "when Corporal Chappell slammed [a] book down on the desk and g[o]t up and beg[a]n to come around the desk[,] that's when Ms. Dumas stood up and took a defensive stance to protect herself."

11. According to Detective Robinson's report, "after the [first] punch by Corporal Chappell, Officer Mott disengaged from holding Inmate Dumas and Corporal Chappell grabbed inmate Dumas and began to wrestle with her and eventually threw her to the ground. ... The [surveillance] video also shows Corporal Chappell administering OC [oleoresin capsicum]

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 004

pepper spray to the face of Inmate Dumas with several other officers affected by the deployment of the spray." According to Dumas, "she was kicked by Corporal Chappell while on the ground."

12. Detective Robinson's report further states that, "the corrections staff was able to handcuff Inmate Dumas and secure her in a corrections approved restraint chair … . While attempting to move Inmate Dumas from the floor to the restraint chair, the video shows Corporal Chappell lifting Inmate Dumas[, who was handcuffed at the time,] off the floor by her hair then slamming her into the restraint chair." Chappell then, along with Corrections Officer Delonte Brown and Officer Williams, "strap[ped] Inmate Dumas to the restraint chair."

13. After Dumas was secured to the restraint chair, "Chappell adjusted her hair, looked around, then struck inmate Dumas with her left hand." Officer Brown reported that Chappell "struck Ms. Dumas 3 times in the face and while being punched Ms. Dumas was defenseless and was not able to protect herself." Officer Williams reported that, "while [Ms. Dumas was] in the restraint chair he saw Corporal Chappell punch Ms. Dumas 3 times with a closed fist … to her face and that it was full blown strikes … [to] the eye and cheek."

14. Detective Robinson's report further states that Chappell "wheel[ed Ms. Dumas in the] restraint chair towards the back of the room … but Officer Brown intervened and took control of the restraint chair and pushed Inmate Dumas in to the back room out of camera view. The video shows … Corporal Chappell entering and exiting the room with a Tupperware style container handling it as if it was filled up with water and repeating the process no less than two (2) times."

15. Officer Mott reported that Chappell then "unnecessarily drenched [Ms. Dumas] with water in an aggressive manner," and then "str[uck] Ms. Dumas in the face with [the] Tupperware container causing it to break." According to Officer Brown, Chappell "took the [Tupperware] bowl and hit [Dumas] in the face with it breaking the bowl and splitting it down the middle." According to Officer Williams, "Chappell took the bucket and slapped Dumas

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 005

upside the head with a back hand slapping motion[.] [T]his cracked the bucket down the middle[.] Ms. Dumas was in restraints in the restraint chair at this time."

16. Officer Brown further reported that, "Corporal Chappell ordered Officer Brown to throw that particular bowl away and repeated the order twice[.] Corporal Chappell placed the bowl in the trash cart ... with the Tupperware Bowl never to be seen again."

17. According to Officer Mott: "All employees working that evening were required to complete a written or typed account of the assault incident. Corporal Chappell read Officer Mott's statement and replied, 'oh hell no you're doing too much.' Corporal Chappell then erased and deleted Officer Mott's typed statement which was approximately one half page long and very detailed and typed in a one line simple statement that depicted untruth and minimized the whole incident between Ms. Dumas and Corporal Chappell. Officer Mott was then ordered to sign the statement that was not authorized by her."

18. According to Officer Williams, when "Sheriff's Deputies arrived to transport Ms. Dumas to the Cuyahoga County Jail ... a female deputy asked, 'did I miss anything?' and Ms. Dumas replied, 'yes, she tried to kill me,' then Corporal Chappell replied, 'you're fucking right I tried to kill you.'"

19. All of these statements contained in Detective Robinson's report, as set forth in paragraphs 10–18 above, are true.

20. Chappell's attack on Dumas caused Dumas to be terrified and fearful. Chappell's attack on Dumas was not provoked by any threat of physical force from Dumas.

21. Dumas filed a formal grievance with Cuyahoga County about the above-described conduct by mail on July 17, 2015, according to the Cuyahoga County Corrections Center's inmate handbook. Dumas received a written reply to her grievance from Cuyahoga County Assistant Prosecuting Attorney Barbara R. Marburger in which Ms. Marburger stated that "the

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 006

inmate grievance process ... is not applicable to [Ms. Dumas]" and that "Cuyahoga County officials are aware of the incident at the Euclid Jail on January 14, 2015."

**B.     The County's negligent and reckless retention of Defendant Chappell**

22.     Cuyahoga County, through its Sheriff's Department, had a pattern and practice and a custom and policy of negligently and recklessly hiring officers not suitable for their positions, failing to properly train and supervise officers, and retaining officers unfit for their positions.

23.     The Sheriff's Department negligently and recklessly hired, staffed, and retained Defendant Chappell as a Corrections Officer Corporal, despite the fact that she was clearly unfit for her duties.

24.     In December 2013, the Sheriff's Department suspended Chappell for four separate incidents in October and November 2013, including two incidents of displaying "unprofessional, disrespectful, threatening and profane language toward inmates," and two incidents of unprofessional behavior toward subordinates. In a letter to Chappell dated December 22, 2013, Cuyahoga County Human Resources Director Elise Hara stated that, "your continued failure to conduct yourself in a professional manner amounts to a deliberate defiance of protocol, policy and appropriate behavior in the work place."

25.     This followed an incident only months before that caused the Sheriff's Department to issued Chappell a written reprimand to Chappell stating that: "On March 25, 2013, while you were conducting a raid and strip search you announced to the entire pod of inmates to 'squat down and act like you are riding a dick.'"

26.     In an investigatory interview conducted by Cuyahoga County Sheriff's Sergeant Patrick Leahy on November 6, 2013, Leahy stated to Chappell: "How many times have I had to have you relieved from an incident because of your screaming and swearing, inciting the inmate,

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 007

instead of de-escalating the situations? ... Have I not had you relieved from an incident several times in the past?"

27. Leahy wrote in his report of the interview that: "During the questioning Cpl Chappell had to be told several times to stop talking so loud and to keep on the subject at hand. Cpl Chappell continued to go off on a tangent, arguing about irrelevant topics. Cpl Chappell had been called to the office for her alleged unprofessionalism in dealing with the inmates and she was completely unprofessional during the interview, talking loudly and arguing during the entire interview."

28. Since 2005, the Sheriff's Department has suspended Chappell at least 21 times for absenteeism and other unprofessional conduct.

**C.  Plaintiff's damages**

29. Since having been attacked by Chappell, Dumas's ability to perform and enjoy her usual activities has been impaired. She has suffered severe emotional distress, including depression, sleeplessness, and related emotional anxiety as a result of her mistreatment. If she sees a police officer, she has particular trouble sleeping that night. Her mental and emotional injuries are due to being terrorized by the attack that Defendant Chappell perpetrated and the County failed to prevent.

30. As a direct and proximate result of Defendants' intentional and reckless acts, Dumas sustained severe mental and physical pain and suffering and injury in an amount to be determined at trial.

31. Dumas is entitled to compensatory damages for the harms inflicted upon her. And she is entitled to punitive damages for the unconscionable conduct she was forced to endure at the hands of Chappell, as well as attorneys' fees and costs.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 008

# V.
# CLAIMS

### Claim 1
### Excessive use of force under the Fourth and Fourteenth Amendments
### and 42 U.S.C. § 1983

### (against all Defendants)

32. Plaintiff incorporates all previous allegations by reference.

33. Defendant Chappell used excessive force against Dumas to terrorize her. A reasonable officer would not have initiated the seizure or used the kind of force that Chappell used against Dumas. Chappell attacked Dumas without probable cause or reasonable need to do so. She used a grossly unnecessary amount of force to detain Dumas, which was shocking to a person of ordinary conscience and unjustifiable under the circumstances. The amount of force used to accomplish the detention was clearly excessive and objectively unreasonable under the Fourth Amendment. All of these actions caused damage to Dumas.

34. Chappell acted under color of law in her official capacity to deprive Dumas of her right to freedom from illegal seizure of her person. This right is secured to her by the Fourth and Fourteenth Amendments and was clearly established as of January 14, 2015.

35. The County knew that its negligent and reckless training, supervision, discipline, staffing, and retention of Chappell would lead to this civil-rights violation.

36. In retaining Chappell, and failing to adequately train, discipline, and supervise her despite her known history of violence toward inmates and colleagues, the County was deliberately indifferent to the likelihood that the civil-rights violations against Dumas would occur. This failure amounts to an unconstitutional custom, policy, or practice of permitting the use of excessive force against inmates.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 009

37. As a direct and proximate result of Defendants' unlawful conduct, which was intentional and showed a spirit of ill-will, hatred, and wanton disregard of Dumas's rights, Dumas suffered and will continue to suffer economic and non-economic damages for which Chappell and the County are liable, including, but not limited to, mental, emotional, and physical pain and suffering.

38. Dumas is entitled to punitive damages based on Defendants' unlawful conduct.

### Claim 2
### Denial of equal protection under the 14th Amendment and 42 U.S.C. § 1983
### (against Chappell)

39. Plaintiff incorporates the previous allegations by reference.

40. With purpose or intent to discriminate, acting under color of state law, Defendant Chappell discriminated against Dumas illegally and based on her race. In attacking Dumas as described above, Chappell, who is Caucasian, treated Dumas differently and as less than human because Dumas is black.

41. Chappell's attack on Dumas was motivated by Dumas's race. Chappell did not attack similarly situated Caucasian inmates, who, like Dumas, presented no reasonable threat of physical force to her, in the way that she attacked Dumas.

42. Chappell's attack on Dumas led to the deprivation of Dumas's federally protected right to equal protection.

43. As a direct and proximate result of the unconstitutional denial of equal protection, Dumas has suffered damages for which Chappell is liable.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 010

44. As a direct and proximate result of Defendants' unlawful conduct, which was intentional and showed a spirit of ill-will, hatred, and wanton disregard of Dumas's rights, Dumas suffered and will continue to suffer economic and non-economic damages for which Chappell is liable, including, but not limited to, mental, emotional, and physical pain and suffering.

45. Dumas is entitled to punitive damages based on Defendants' unlawful conduct.

### Claim 3
### Battery

### (against Chappell)

46. Plaintiff incorporates the previous allegations by reference.

47. Defendant Chappell engaged in the above-described actions intending to cause the harmful contact and the harmful contact resulted. Chappell intended to strike Dumas in her face repeatedly, with her closed fist and with a plastic container, and did so while Dumas was completely restrained and defenseless. These offensive touchings were unlawful and unwanted.

48. As a direct and proximate result of Chappell's unlawful conduct, which was intentional and showed a spirit of ill-will, hatred, and wanton disregard of Dumas's rights, Dumas suffered and will continue to suffer economic and non-economic damages for which Chappell is liable, including, but not limited to, mental, emotional, and physical pain and suffering.

49. Dumas is entitled to punitive damages based on Chappell's unlawful conduct.

### Claim 4
### Intentional infliction of emotional distress

### (against Chappell)

50. Plaintiff incorporates the previous allegations by reference.

51. Defendant Chappell's attack on Dumas was extreme and outrageous and constituted behavior that is intolerable in a civilized community.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 011

52. Chappell's attack on Dumas was undertaken knowingly and intentionally, with malice, with a conscious disregard of Dumas's rights and interests, and with certainty of inflicting severe harm and damage on Dumas.

53. Defendant Chappell's attack on Dumas was intentional, was intended to cause, and did directly and proximately cause Dumas to suffer severe and debilitating emotional harm and damage, including anxiety, depression, paranoia, and sleeplessness.

54. The mental anguish suffered by Dumas as a direct and proximate result of Chappell's conduct is serious and of a nature that no reasonable person could be expected to endure it.

55. Chappell knew or should have known that Dumas would suffer severe harm and damage as a result of her conduct.

56. Dumas is entitled to punitive damages based on Chappell's unlawful conduct.

### Claim 5
### Malicious attempt to influence public officials (intimidation) under R.C. 2921.03(A) and (C)

### (against Chappell)

57. Plaintiff incorporates the previous allegations by reference.

58. By deleting and replacing Officer Mott's written account of her attack on Dumas with a false account of the event, Defendant Chappell knowingly attempted to use a materially false and fraudulent writing with malicious purpose, in bad faith, and in a wonton and reckless manner, in an attempt to influence and hinder County officials or Prosecutors in the discharge of their duties.

59. As a direct and proximate result of Chappel's unlawful conduct, prosecutors were hampered in their ability to fully prosecute and hold Chappell accountable for her crimes, and accepted a lesser plea and sentence than was warranted.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 012

60. As a direct and proximate result of Chappel's unlawful conduct, which was intentional and showed a spirit of ill-will, hatred, and wanton disregard of Dumas's rights, Dumas suffered and will continue to suffer economic and non-economic damages for which Chappell is liable, including, but not limited to, mental, emotional, and physical pain and suffering.

61. Defendant Cuyahoga County, as Chappel's employer, is responsible for her wrongdoing under the doctrine of respondeat superior.

62. Chappell's actions violate R.C. 2921.03(A) and subject Chappell and the County to civil liability, including for attorneys' fees, costs, and expenses under R.C. 2921.03(C).

### Claim 6
### Negligent and reckless training, supervision, discipline, staffing, and retention

### (against Cuyahoga County)

63. Plaintiff incorporates the previous allegations by reference.

64. Defendant Cuyahoga County failed to exercise due care and acted in a willful, wanton, and reckless manner in training, supervising, disciplining, staffing, and retaining Defendant Chappell as a Corrections Officer Corporal.

65. Cuyahoga County knew that Chappell was unfit for her position and duties, yet tolerated her employment.

66. Cuyahoga County's negligent, reckless, wanton, and willful conduct in this regard directly and proximately caused Dumas's injuries alleged in this Complaint.

### VI.
### PRAYER FOR RELIEF

For the reasons stated above, Plaintiff respectfully requests the following relief from the Court:

    A. Declare that Defendants' acts and conduct constitute violations of the Fourth and Fourteenth Amendments of the U.S. Constitution under 42 U.S.C. §§ 1983.

    B. Judgment in Plaintiff's favor as to all claims for relief.

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 013

C. Special and general damages in excess of $25,000 to compensate for the injuries Ms. Dumas sustained due to Defendants' conduct including economic and non-economic damages for medical costs, pain, suffering, humiliation, and emotional distress.

D. Punitive and exemplary damages, pre-judgment interest, post-judgment interest, costs, and other reasonable expenses incurred in maintaining this action, and the reasonable attorneys' fees and costs incurred in maintaining this action.

E. All other relief in law or equity to which Plaintiff is entitled and that the Court deems equitable, just, or proper.

## VII.
## JURY DEMAND

Plaintiff demands a trial by jury on all issues within this Complaint.

Respectfully submitted,

THE CHANDRA LAW FIRM, LLC

*/s/ Subodh Chandra*
Subodh Chandra (0069233)
Peter Pattakos (0082884)
Ashlie Case Sletvold (0079477)
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
216.578.1700 Phone
216.578.1800 Fax
Subodh.Chandra@ChandraLaw.com
Peter.Pattakos@ChandraLaw.com
Ashlie.Sletvold@Chandra.Law.com

and

*[Per consent]*
Christopher Thomarios (0076637)
820 W. Superior Ave., Suite 840
Cleveland, Ohio 44113
216.696.8217 Phone
216.696.9292 Fax
christopher@cgt-law.com

*Attorneys for Plaintiff Lucille Dumas*

Electronically Filed 01/12/2016 09:44 / / CV 16 857117 / Confirmation Nbr. 639910 / CLSDH

Dumas v. Chappell et al.
Defendant Cuyahoga County REMOVAL EXHIBIT 1
Page # 014